**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BETTY J. RIPPEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03CV01051 ERW |
| ) | |
| NORDYNE, INC., et al. ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court upon the Motion for Bill of Costs filed by Defendants [doc. #58] filed on April 25, 2005. Plaintiff filed objections on April 28, 2005 and supplemented those objections on May 4, 2005. Defendants filed a reply memorandum on August 30, 2005.

**I.    BACKGROUND**

Betty Rippee was an at-will employee employed by Nordyne, Incorporated [Nordyne]. In January 2000, Brewer Wilson was hired as Credit Manager and, as such, was Ms. Rippee's supervisor. Throughout her history with Nordyne, Plaintiff was routinely tardy and was eventually terminated for this reason.

Plaintiff alleged that she was subjected to a hostile work environment during her employment with Nordyne. Plaintiff also alleged that she was unlawfully discharged and retaliated against for reporting violations of the law by her supervisor, Mr. Wilson. Plaintiff claimed that Mr. Wilson set up clearing accounts, in violation of generally accepted accounting practices, in order to avoid bookkeeping errors and improve his performance reviews.

On April 5, 2005, this Court granted Defendants Motion for Summary Judgment. In that Order, the Court held, *inter alia*, that "Plaintiff did not willingly pursue a knowingly frivolous lawsuit. See 28 U.S.C. § 1927 and 42 U.S.C. § 2000e-5(k). For this reason, Defendants' request for attorney's fees is denied. The Court will consider taxation of costs, if and when, the prevailing party files an appropriate motion." On April 25, 2005, Defendants filed this Motion for Bill of Costs [doc. #58]. For the reasons set forth below, the Motion is granted, in part, and denied, in part.

**II. DISCUSSION**

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk or marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2000). The Court may not award costs not authorized by § 1920 because § 1920 "imposes 'rigid controls on cost-shifting in federal courts.'" Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) (citation omitted). While there is a presumption that the prevailing party is entitled to costs, the district court has substantial discretion in awarding costs. See Computrol, Inc. v. Newtrend L.P., 203 F.3d 1064, 1072 (8th Cir. 2000). Upon objection by the opposing party as

to authorized costs, the Court may exercise its discretion to grant or deny costs. Pershern v. Fiatallis North Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987).

The Eighth Circuit has held that a prevailing party is one in whose favor a judgment is rendered, regardless of whether or not that party prevailed on all issues, regardless of whether the party is the plaintiff or defendant and regardless of the amount of damages awarded. Firefighters' Inst. for Racial Equal. v. City of St. Louis, 220 F.3d 898, 905 (8th Cir. 2000); also see Uni-Systems, Inc. v. Delta Air Lines, Inc., 2002 U.S. Dist. Lexis 5618 (D. Minn. 2002); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2667 (3rd ed. 1998). In this case, summary judgment was rendered in favor of Defendants, and so Defendants are the "prevailing party."

The court may award the prevailing party expert witness fees at per diem limits set by 28 U.S.C. § 1920. "[E]xpert witness fees [are] not recoverable beyond the per diem limits. . .absent explicit statutory or contractual authorization." Hall v. Riecke Claussen, 6 Fed. Appx. 655, 681 (10th Cir. 2001) (citing Crawford Fitting Co. v. J.T. Gibbons Inc., 482 U.S. 437 (1987)). Title VII provides that reasonable attorney's fees, including expert fees, are available in some circumstances. 42 U.S.C. § 2000e-5(k). However, this statutory provision only applies if the "action brought is found to be unreasonable, frivolous, meritless or vexatious." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978). Furthermore,

> it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

Id. at 421-22.

A. Fees of the Court Reporter

Defendants request $2,257.70 for "Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." A district court has the discretion to tax costs incurred incident to the taking of depositions when the depositions are "necessarily obtained for use in the case." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). "Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs will be taxed as having been 'necessarily obtained for the use in the case' within the meaning of 28 U.S.C. § 1920." Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo.1982). In this case, Defendants have provided documentation evidencing costs in the amount of $2,257.70 for deposition transcripts, and Plaintiff has not proposed that any of the depositions were improper. Thus, this cost will be assessed to Plaintiff.

B. Fees for Witnesses

Defendants are seeking reimbursement in the amount of $3,130 for retaining a psychiatric expert and $25,900 for retaining an expert in accounting practices pursuant to 42 U.S.C. § 2000e-5(k). In order to recover attorney's fees or expert witness fees under 42 U.S.C. § 2000e-5(k), defendant must make a showing that the case brought by plaintiff was "unreasonable, frivolous, meritless or vexatious." However, as this Court found in its April 5, 2005 Order, "Plaintiff did not willingly pursue a knowingly frivolous lawsuit." Thus, the Court will not assess costs for reimbursement of expert witness fees.

Defendants also seek reimbursement in the amount of $1,850 for a fee it was required to pay in order to depose Ralph Ostermeuller, Plaintiff's expert witness. "[A] witness. . .before any person

4

authorized to take his deposition. . . shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821 (2000). The Court uses its discretion and deems the deposition of Mr. Ostermeuller to be reasonably necessary. See Linneman Constr., Inc. v. Montana-Dakota Utilities Co., 504 F.2d 1365, 1372 (8th Cir. 1974) (holding that the Eighth Circuit allows expenses for only such number of witnesses and for the number of days as the court deems reasonable). Therefore, the Court holds that Defendants are awarded costs in the total amount of $40 for Fees for witness Ralph Ostermeuller. 28 U.S.C. § 1920 (3).

C. Fees for Exemplification and Copies of Papers

Section 1920 allows a prevailing party to collect fees for "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. 1920(4). Under this category, Defendant requests $255.00. "Expenses for photocopies 'necessarily obtained for use in the case' are recoverable by the prevailing party as costs." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002). Here, Defendant explains that it was necessary to obtain thousands of documents regarding the claim relating to the clearing accounts in order to defend this action. The request for fees is proper and will be assessed against Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' request for costs as set forth in their Bill of Costs [doc. #58] is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall tax costs against Plaintiff Betty Rippee and in favor of Defendants Brewer Wilson and Nordyne, Inc. in the amount of $2,552.70 constituting: 1) $2,257.70 in Fees of the Court Reporter for Depositions; 2) $40.00 in Fees

for Witnesses; and 3) $255.00 in Fees for exemplification and copies of papers necessarily obtained for use in the case.

Dated this 26th day of September, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE